# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TONY TADLOCK**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 15-766-JJB-EWD**

**ARCTIC CAT SALES, INC., ET AL.**

## RULING AND ORDER ON MOTION TO COMPEL

Before the Court is a Motion to Compel Supplemental Interrogatory Responses from Plaintiff (the "Motion"), filed by defendant Arctic Cat Sales, Inc. ("Arctic Cat").[1] In the Motion, Arctic Cat seeks to compel plaintiff Tony Tadlock to supplement his discovery responses to provide complete, verified responses to Artic Cat's Interrogatory Nos. 4, 5, 7, 12, 13, 14, 15, and 18,[2] and to pay Arctic Cat's reasonable expenses, including attorney fees, for filing the Motion. The Motion is opposed.[3] For the reasons that follow, the Motion is **GRANTED**[4] and Arctic Cat's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**.

---

[1] R. Doc. 46.

[2] On February 20, 2017, pursuant to this Court's Notice and Order dated February 9, 2017 (R. Doc. 55), Arctic Cat filed an Amended Fed. R. Civ. P. 37(a)(1) Supplemental Certificate, stating that Plaintiff has provided sufficient responses to Interrogatory Nos. 4, 7, and 13. (R. Doc. 59 at 1). Thus, the instant dispute only concerns Plaintiff's responses to Interrogatory Nos. 5, 12 14, 15, and 18.

[3] R. Doc. 49.

[4] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *State Farm Mut. Auto. Ins. Co. v. Friedman*, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See*, *Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *U.S. v. Toney*, 2012 WL 2952768, at *1 (W.D. La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate judge's ruling on a nondispositive pre-trial motion, such as a motion to compel.") (citations omitted); *In re Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).

## I.      Background

This matter arises out of an accident that occurred on or about October 11, 2014, when Plaintiff was driving an Arctic Cat Wildcat four-wheel drive vehicle that allegedly tipped over, "causing the roll bar to crush [Plaintiff's] skull resulting in the fracture of his first and second vertebrae, unconsciousness and severe gash to the top of his head."[5]  On or about October 5, 2015, Plaintiff filed a Petition for Damages in the 21st Judicial District Court for the Parish of St. Helena, Louisiana, against Arctic Cat, the manufacturer of the vehicle, and Bass Pro Denham Springs Development Company, LLC ("Bass Pro"), the seller of the vehicle (collectively, "Defendants"), based upon the injuries Plaintiff allegedly sustained as a result of the accident.[6]  The matter was removed to this Court on November 13, 2015, based upon diversity jurisdiction under 28 U.S.C. § 1332(a).[7]

Arctic Cat asserts that it propounded its First Set of Interrogatories and First Set of Requests for Production upon Plaintiff on July 26, 2016.[8]  Arctic Cat contends that although Plaintiff's responses were due on August 29, 2016, Plaintiff failed to provide discovery responses or seek an extension of the deadline by that date.  Arctic Cat claims that Plaintiff's discovery responses were hand-delivered on the morning of September 20, 2016, only moments before Plaintiff's deposition was scheduled to begin.[9]  Arctic Cat complains that Plaintiff's "wholly inadequate" discovery responses contained numerous objections, stated that the interrogatories would be best answered by Plaintiff's deposition, and that the responses were signed only by Plaintiff's counsel and were not verified by Plaintiff.[10]  In an October 7, 2016 letter to Plaintiff's counsel, counsel for Arctic

---

[5] R. Doc. 1-2 at ¶ 4.
[6] R. Doc. 1-2.
[7] R. Doc. 1 at ¶ 4.
[8] R. Doc. 46-1 at 4 (*citing* R. Doc. 46-2 at 2; R. Doc. 46-3 at 10-29).
[9] R. Doc. 46-1 at 4.
[10] R. Doc. 46-1 at 4.

Cat identified numerous deficiencies in Plaintiff's discovery responses and requested that Plaintiff supplement his responses by October 21, 2016.[11]  Arctic Cat asserts that on October 21, 2016, Plaintiff's counsel requested an extension of the deadline for providing supplemental discovery responses,[12] and that Plaintiff served his supplemental discovery responses on October 25, 2016.[13] Arctic Cat asserts that the supplemental responses are inadequate because they still heavily rely on general references to Plaintiff's deposition testimony, they do not cure the other deficient responses, and they are not verified by Plaintiff.[14]

In a second letter dated November 11, 2016, counsel for Arctic Cat outlined for Plaintiff's counsel the continued deficiencies in Plaintiff's supplemental discovery responses.[15]  Counsel for Arctic Cat also requested that the parties meet and confer in good faith pursuant to Fed. R. Civ. P. 37(a) in an attempt to resolve the dispute prior to Arctic Cat filing a motion to compel.[16]  Arctic Cat asserts that a telephone conference took place on November 18, 2016, during which Plaintiff's counsel informed counsel for Arctic Cat that Plaintiff would not supplement his discovery responses and that Arctic Cat would need to file a motion to compel to obtain complete responses.[17]

As a result of the Rule 37(a) telephone conference, Artic Cat filed the instant Motion to Compel on December 27, 2016, seeking to compel Plaintiff to supplement his discovery responses with complete, formal, written, verified responses to Interrogatory Nos. 4, 5, 7, 12, 13, 14, 15, and 18, and requesting costs for having to file the Motion to obtain such responses.[18]  Plaintiff initially objected to most of the interrogatories, but subsequently supplemented some of his responses by

---

[11] *Id.* (*citing* R. Doc. 46-3 at 51-54).
[12] R. Doc. 46-3 at 56.
[13] *Id.* at 58-73.
[14] R. Doc. 46-1 at 4-5.
[15] R. Doc. 46-3 at 75-76.
[16] *Id.* at 76.
[17] R. Doc. 46-1 at 5.
[18] R. Doc. 46.

directing Arctic Cat generally to the deposition testimony from Plaintiff's September 20, 2016 deposition.[19]  Arctic Cat asserts that Plaintiff should be compelled to provide complete, verified responses to Interrogatories 13, 14, 15, and 18 because Plaintiff waived his objections by failing to timely serve his discovery responses.[20]  Arctic Cat also asserts that Plaintiff's general objections to these interrogatories are improper because they fail to state the objection with specificity and how it relates to the particular request being opposed.[21]

Arctic Cat further asserts that Plaintiff should be compelled to respond to Interrogatory Nos. 4, 5, 7, and 12 because they seek information about the circumstances surrounding the underlying accident and Plaintiff's alleged spoliation of evidence.[22]  In the Motion, Arctic Cat alleges that prior to filing this suit, Plaintiff allowed the accident scene, which is located on his property, to be completely destroyed by an excavation company, such that the sand dune Plaintiff jumped over at the time of the accident no longer exists, and that Plaintiff allowed the roll cage on the underlying vehicle to be removed and the bolts connecting the roll cage to the vehicle to be thrown away.[23]  Arctic Cat also alleges that on an unknown date, before filing suit but after Plaintiff had retained counsel, Plaintiff allowed expert Thomas Shelton to cut a piece of the roll cage out and perform destructive testing on it without providing any notice to the potential defendants.[24] Arctic Cat asserts that Plaintiff should be compelled to provide complete, verified responses to Interrogatory Nos. 4, 5, 7, and 12 because the information sought is relevant to its spoliation claims and Plaintiff improperly relied on general deposition testimony in his responses.

---

[19] *See*, R. Doc. 46-3 at 36-40, 60-69.
[20] R. Doc. 46-1 at 11.
[21] R. Doc. 46-1 at 3 (quoting *Wymore v. Nail*, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016)).
[22] R. Doc. 46-1 at 8.
[23] R. Doc. 46-1 at 2.
[24] R. Doc. 46-1 at 3.

In the Opposition, Plaintiff asserts that he has provided the information sought by Arctic Cat "to the best of his knowledge through written interrogatories and his 189 page deposition," which information shows there has been no spoliation of evidence.[25]  Plaintiff asserts that during the telephone conference held pursuant to Fed. R. Civ. P. 37, Plaintiff's counsel did not advise counsel for Arctic Cat that there were more complete answers to be given to the discovery requests.[26]  Plaintiff claims that Arctic Cat fails to cite any law stating that Plaintiff cannot rely on his own deposition to answer interrogatories, especially when that testimony allowed Arctic Cat to gather the full and complete answers they continue to seek.[27]  Plaintiff further asserts there are no facts that support Arctic Cat's claim that there exists relevant evidence suggesting Plaintiff intentionally destroyed relevant evidence in this case.  Plaintiff testified that prior to filing this lawsuit, he performed work on his property due to the erosion of his property.[28]  Plaintiff asserts that his testimony shows he did not perform work on the property with the intent to deprive Arctic Cat from investigating the property, but that he was simply acting as a normal property owner would, and that he provided Arctic Cat with the name of the company that created the sand dunes on the property.[29]

Plaintiff further asserts that he hired Tom Shelton prior to filing this action to determine if there was a good faith basis for filing suit.  Plaintiff claims that Shelton issued a report on September 24, 2015, describing the testing he performed and concluding that the roll cage on the vehicle was insufficient to handle the loads that it should have.[30]  Plaintiff asserts that upon receiving this information, he filed suit on October 4, 2015 and immediately provided a copy of

---

[25] R. Doc. 49 at 1.
[26] *Id.* at 4.
[27] *Id*.
[28] *Id.* (*citing* R. Doc. 49-4).
[29] R. Doc. 49 at 4.
[30] *Id.* at 5.

Shelton's report to Arctic Cat.[31]  Plaintiff claims that Shelton was made available for a deposition and that the underlying vehicle was made available for inspection, but that Defendants have yet to depose Shelton and instead seek to compel Plaintiff to answer a very specific interrogatory regarding the details of Shelton's testing, which details are contained in Shelton's report.[32] Plaintiff similarly asserts that none of Shelton's testing has prevented Arctic Cat from examining the roll cage or from performing its own tests on the underlying vehicle, noting that Arctic Cat inspected the vehicle and the piece Shelton removed in April 2016.[33]  Plaintiff also points out that after two years, Arctic Cat has finally engaged an expert who plans to inspect and remove a piece of the roll cage.[34]  Thus, Plaintiff claims Arctic Cat has never been denied discovery of relevant information to fully prepare its defense and that Plaintiff has provided complete and full responses to the discovery requests at issue.

On February 9, 2017, this Court issued a Notice and Order regarding the Motion, requiring the parties to meet and confer as required by Fed. R. Civ. P. 37(a)(1) and requiring Arctic Cat to file a supplemental certification for the Motion detailing the parties' efforts to reach a resolution regarding this discovery dispute.[35]  On February 20, 2017, Arctic Cat filed an Amended Fed. R. Civ. P. 37(a)(1) Supplemental Certificate, asserting that while Plaintiff has provided sufficient supplemental responses to Interrogatory Nos. 4, 7, and 13, the parties were unable to reach a resolution regarding Plaintiff's responses to Interrogatory Nos. 5, 12, 14, 15, and 18.[36]  Thus, Arctic Cat asks the Court to compel Plaintiff to supplement his responses to Interrogatory Nos. 5, 12, 14, 15, and 18 with complete, verified responses.[37]

---

[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id*.
[35] R. Doc. 55.
[36] R. Doc. 59 at 1.
[37] *Id.* at 2.

6

## II.        Law and Analysis

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  "For purposes of discovery, relevancy is construed broadly to encompass 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'"  *Fraiche v. Sonitrol of Baton Rouge*, 2010 WL 4809328, at *1 (M.D. La. Nov. 19, 2010) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991); Fed. R. Civ. P. 26(b)(1)). However, the Court must limit discovery if it determines that:

> (i)      the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Motions to compel discovery responses are governed by Rule 37(a) of the Federal Rules of Civil Procedure.  "Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33."  *Gondola v. USMD PPM, LLC*, 2016 WL 3031852, at *2

(N.D. Tex. May 27, 2016) (*citing* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv)).  "The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable."  *Gondola*, 2016 WL 3031852 at *2 (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).  In response to an interrogatory under Rule 33, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  In addition, "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

### A. Plaintiff's responses to Interrogatory Nos. 5 and 12 are insufficient.

In the Motion and the supplemental certification, Arctic Cat seeks to compel supplemental responses to Interrogatory No. 5, which requests the following information:

> **INTERROGATORY NO. 5**:
> State whether the Subject Vehicle, or any part thereof, had any servicing, repairs, alterations, modifications and removal and/or replacement of parts, addition of accessories, after-market parts, and/or product decals, prior to or after the Incident. If so, as to each and every servicing, repair, alteration, modification, removal and/or replacement (collectively referred to as "servicing or modification"), identify:
> (a) the date thereof;
> (b) the person(s) who performed the servicing or modification;
> (c) the precise nature of the servicing or modification;
> (d) the materials or parts that were removed, altered, modified or replaced;
> (e) whether You possess any photographs of the Subject Vehicle prior to servicing or modification; and
> (f) whether any records exist reflecting the modification.[38]

As previously mentioned, Plaintiff initially responded to Interrogatory No. 5 by stating that the underlying vehicle was brought into the Bass Pro Shop for service on the clutch approximately

---

[38] R. Doc. 46-3 at 36.

three weeks after purchase.[39]  When Arctic Cat asked Plaintiff to supplement his response with the

date the work was performed, who performed the service, whether there were any photographs of

the vehicle prior to servicing or modification and whether any records exist reflecting the

modification,[40] Plaintiff supplemented his response by directing Arctic Cat "to the portion of his

deposition transcript wherein Defendant asked and Plaintiff answered regarding the servicing of

the vehicle."[41]  Plaintiff also responded that there may be photographs of the vehicle prior to Bass

Pro servicing the vehicle, and that if found, Plaintiff would supplement his response with any such

pictures.[42]

    Arctic Cat also seeks to compel a supplemental response to Interrogatory No. 12, which

seeks the following information:

> **INTERROGATORY NO. 12**:
> State whether there have been any tests or inspections performed on
> any part of the Subject Vehicle since the Incident. If so, identify the
> exact tests or inspections performed, the location of the inspection
> or tests, the names of all individuals present, whether photographs
> or videos were taken, whether any part of the vehicle was touched,
> moved, or removed, and if so, the part of the vehicle.[43]

    Plaintiff initially responded to Interrogatory No. 12 by asserting that, "The Subject Vehicle

was inspected by plaintiff's expert, Thomas Shelton, Ph.D., P.E."[44]  Arctic Cat asked Plaintiff to

supplement his response to identify the exact tests or inspections that were performed, the location

of the inspection or tests, the names of all individuals present, whether any photographs or videos

were taken, whether any part of the vehicle was touched, moved, or removed and, if so, the part of

the vehicle.[45]  Plaintiff supplemented his response to assert that, "This question would be best

---

[39] *Id.*
[40] *Id.* at 52.
[41] *Id.* at 61.
[42] *Id.* at 61-62.
[43] R. Doc. 46-3 at 17.
[44] *Id.* at 38.
[45] *Id.* at 53.

answered by the deposition of Plaintiff's Expert, Thomas Shelton.  Furthermore, Plaintiff directs Defendant to Mr. Shelton's report previously produced to Defendants."[46]  Plaintiff did not produce a copy of Shelton's report with his responses.[47]

The Court agrees with Arctic Cat that the information sought by these interrogatories is relevant to the claims and defenses of the parties in this personal injury claim, as well as Arctic Cat's spoliation of evidence claims.  The Court finds that Plaintiff's supplemental responses, which refer generally to Plaintiff's September 20, 2016 deposition transcript, a report by Thomas Shelton, and further suggest that the information can be obtained by deposing Shelton, are insufficient under Federal Rule of Civil Procedure 33.[48]  At least two courts in this circuit have held that responses to interrogatories that refer to deposition testimony do not satisfy the requirements of Fed. R. Civ. P. 33.  *See*, *Kleppinger v. Texas Dep't of Transportation*, 2013 WL 12138545, at *2 (S.D. Tex. Jan. 3, 2013) ("responses to interrogatories should avoid reference to discussions had during depositions"); *Stiward v. United States*, 2007 WL 2417382, at *4 (E.D. La. Aug. 24, 2007) ("Defendant's responses, which refer to the depositions of Bailey and Bagby and state that Capt. Alcott may have information, do not satisfy Rule 33.").  Rule 33 requires that, "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).  According to the court in *Stiward*, "Fed. R. Civ. P. 33 requires that '[e]ach interrogatory be answered separately and fully in writing under oath,' so that the responding party is bound by its answer and the answer can be introduced into evidence." *Stiward*, 2007 WL 2417382, at *3.  The *Kleppinger* court further explained that, "Courts have interpreted this language to mean that it is 'technically improper and unresponsive for an interrogatory to refer

---

[46] *Id.* at 66.
[47] *See*, R. Doc. 46-3 at 34-41.
[48] There is no indication in the record that Shelton has been deposed in connection with this litigation.

to outside material, such as pleadings, depositions, or other interrogatories.'" *Kleppinger*, 2013 WL 12138545, at *2 (quoting *Equal Rights Ctr. v. Post Props., Inc*., 246 F.R.D. 29, 35 (D.D.C. 2007)); *See*, *Union Pac. R. Co., a Del. Corp. v. Larkin*, 229 F.R.D. 240, 243 (D.N.M. 2005) ("Interrogatory responses that refer to depositions are not complete and not in compliance with rule 33 of the Federal Rules of Civil Procedure."); *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) ("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition."); *Dana Corp. v. Am. Standard*, 1994 WL 228537, at *1 (N.D. Ind. April 15, 1994) (citing a number of cases in support of the well-established rule that an answer to an interrogatory must be "complete in itself and should not refer to the pleadings, or to depositions or other documents . . . at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.") (*citing* 4A J. Moore, J. Lucas, Moore's Federal Practice ¶ 33.25[1] (2d ed. 1991)); *Hoffman v. United Telecomm., Inc.*, 117 F.R.D. 436, 440 (D. Kan. 1987) ("This is not a proper answer to an interrogatory.  Incorporation by reference to a deposition is not a responsive answer.") (citing *Martin v. Easton Publishing Co.*, 85 F.R.D. 312 (E.D. Pa. 1980)); *J.J. Delaney Carpet Co. v. Forest Mills, Inc*., 34 F.R.D. 152, 153 (S.D.N.Y. 1963) (finding that incorporation of portions of deposition by reference was not a responsive answer under the rule requiring interrogatories to be answered "separately and fully").

With respect to Plaintiff's supplemental response to Interrogatory No. 12, Plaintiff appears to object to the interrogatory on the grounds that the requested information is more suitable to being discovered through the deposition of Thomas Shelton.  *See*, *Kleppinger v. Texas Dep't of Transportation*, 2013 WL 12138545, at *3 (S.D. Tex. Jan. 3, 2013).  "As the party resisting discovery, the burden is on Plaintiff to clarify and explain his objection and to provide support for

the objection.  The objecting party may not leave it to the court to 'sift each interrogatory to determine the usefulness of the answer sought.'"  *Krawczyk v. City of Dallas*, 2004 WL 614842, at *6 (N.D. Tex. Feb. 27, 2004) (quoting *Ahern v. Trans Union LLC Zale Corp.*, 2002 WL 32114492, at *2 (D.Conn. Oct. 23, 2002)).  Accordingly, the Court finds that Plaintiff has failed to clarify, explain, or provide support for his objection to Interrogatory No. 12.  Further, the fact that Thomas Shelton may be deposed at some time in the future does not excuse Plaintiff's failure to provide a complete, written response to this interrogatory.  *See*, *Kleppinger,* 2013 WL 12138545, at *3 ("[t]he fact that Plaintiff . . . is to give a deposition does not excuse his failure to completely answer Defendant's [i]nterrogatories.") (quoting *Calderon v. Reederei Claus-Peter Offen GmbH & Co.,* 2008 WL 4194810, at *3 (S.D. Fla. Sept. 11, 2008)).

Based on the foregoing, Arctic Cat's Motion is granted as to Interrogatory Nos. 5 and 12. Plaintiff's supplemental responses to these interrogatories, which refer generally to Plaintiff's September 20, 2016 deposition transcript, Thomas Shelton's report, and further suggests that the information can be obtained by deposing Shelton, do not satisfy the requirements of Fed. R. Civ. P. 33.  Because each interrogatory must be answered separately and fully in writing under oath, Plaintiff is ordered to supplement his response to Interrogatory No. 5 with a complete response regarding the service performed on the underlying vehicle at Bass Pro Shop approximately three weeks after purchase of the vehicle.  Specifically, Plaintiff must supplement his response with the date the work was performed, who performed the service, whether there were any photographs of the vehicle prior to servicing or modification, and whether any records exist reflecting the modification, as requested by Arctic Cat.[49]  Similarly, Plaintiff must supplement his response to Interrogatory No. 12 with a complete response regarding the exact tests or inspections that were

---

[49] R. Doc. 46-3 at 52.

performed, the location of the inspection or tests, the names of all individuals present, whether any

photographs or videos were taken, whether any part of the vehicle was touched, moved, or removed

and, if so, the part of the vehicle.[50]  To the extent Plaintiff asserts that he does not have any personal

knowledge of the information requested, his answers should clearly state that.  The supplemental

responses must also be verified by Plaintiff, as required by Fed. R. Civ. P. 33(b)(1) and (2).

**B.  Plaintiff's response to Interrogatory Nos. 14, 15, and 18 are also insufficient.**

In the Motion and the supplemental certification, Arctic Cat also seeks to compel

supplemental responses to Interrogatory Nos. 14, 15, and 18, which seek the following

information:

> **INTERROGATORY NO. 14:**
> Describe in detail any physical, emotional or mental injury, medical
> expense or other damages, including, without limitation, out-of-
> pocket expenses and reimbursements, for which You seek to recover
> in this lawsuit, including, without limitation, the nature and extent
> of the injury or damages, the body part(s) that was injured in the
> Incident, the nature of any injury and any pain or discomfort You
> are experiencing. Identify the dollar amount You are seeking to
> recover for each injury identified, and explain the method of
> calculation used to arrive at that amount.[51]

> **INTERROGATORY NO. 15:**
> State complete details concerning all accident, health, vehicle,
> homeowner and umbrella insurance policies held by or covering
> You at the time of the Incident (e.g., name and address of issuing
> company, type of policy, policy number and face amount, annual
> premiums paid, whether a physical examination was required for the
> issuance of said policy, whether double indemnity coverage was
> provided, etc.) and state whether any claims have been presented
> under said policies as a result of this Incident. If any claims have
> been presented, please state whether any payments have been made
> and, if so, the amounts and dates of said payments and the person to
> whom said payments were made.

---

[50] *Id*. at 53.
[51] R. Doc. 46-3 at 15, 17.

**INTERROGATORY NO. 18**:

Identify with particularity how, when, and why You decided to hire Your attorney(s) in this lawsuit, including but not limited to whether You were in contact with any prior attorneys in relation to this Incident and if so, the name of each attorney You were in contact with, and the dates in which You had contact with each attorney, in addition to the first date You had contact with Your current attorney(s).[52]

Plaintiff initially objected to all three of these interrogatories on the basis that: (1) Interrogatory No. 14 is a compound question that would be best answered by Plaintiff's deposition and that Plaintiff's medical records and bills are the best evidence of Plaintiff's medical treatment and expenses;[53] (2) Interrogatory No. 15 is overly broad, vague, ambiguous, harassing, unduly burdensome, irrelevant, and compound;[54] and (3) Interrogatory No. 18 seeks irrelevant information.[55]  When asked to supplement these responses, Plaintiff supplemented his response to Interrogatory No. 14 by directing Arctic Cat to the portion of his September 20, 2016 deposition transcript wherein Arctic Cat asked and Plaintiff answered questions regarding his physical, emotional, and mental injuries, his medical expenses or other damages, including out-of-pocket expenses and reimbursements for which Plaintiff seeks to recover in this lawsuit, including the nature and extent of his injuries or damages from the underlying accident, and any pain or discomfort Plaintiff is experiencing.[56]  Plaintiff also supplemented his response to Interrogatory Nos. 15 and 18 by reiterating his prior objections thereto,[57] and further objected to Interrogatory No. 18 to the extent that it seeks evidence that is inadmissible under the attorney-client privilege.[58]

---

[52] *Id.* at 17-18.
[53] R. Doc. 46-3 at 39.
[54] *Id.*
[55] *Id.* at 40.
[56] *Id.* at 67-68.
[57] *Id.* at 67, 69.
[58] *Id.* at 69.

**1. Plaintiff's initial answers are insufficient.**

The Court agrees with Arctic Cat that the information sought by these interrogatories is relevant to the claims and defenses of the parties in this personal injury claim, as well as Arctic Cat's spoliation of evidence claims.  As an initial matter, the Court notes that Plaintiff does not address Arctic Cat's argument that his failure to timely voice objections to these discovery requests constitutes a waiver of any objection Plaintiff may have to these interrogatories.[59]  The documents submitted with the Motion show that Arctic Cat propounded these interrogatories upon Plaintiff's counsel by email and/or First Class United States Mail on July 26, 2016,[60] and that Arctic Cat did not receive Plaintiff's answers to the interrogatories until September 20, 2016.[61]  The Court notes that Plaintiff's discovery responses were provided "via hand delivery" on the same day as Plaintiff's deposition.[62]  There is nothing in the record showing that Plaintiff ever sought or received from Arctic Cat an extension of the deadline imposed by Fed. R. Civ. P. 33 for responding to the interrogatories.

"As a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."  *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).  Under Fed. R. Civ. P. 33(b)(2), the time period to respond to interrogatories is thirty (30) days after service.  Here, Plaintiff did not respond to Arctic Cat's interrogatories within the time period provided in Rule 33, so any objections to the interrogatories were waived.  Further, the Fifth Circuit has held that conclusory objections that the requested discovery is "overly broad, burdensome, oppressive and irrelevant" are insufficient to voice a successful objection to an interrogatory or request for production.  *McLeod, Alexander, Powel and*

---

[59] *See*, R. Doc. 46-1 at 11.
[60] R. Doc. 46-3 at 10-19.
[61] *Id.* at 41.
[62] *Id.* at 41.

*Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).  Here, Plaintiff initially initial objected to Interrogatory Nos. 14, 15, and 18 on the grounds that the interrogatories are compound, overly broad, vague, ambiguous, harassing, unduly burdensome, irrelevant, and seek irrelevant information.[63]  The Court finds such boilerplate language does not suffice to assert a valid objection to the interrogatories under *McLeod*.  Thus, the Court finds that the general rule applies here and Plaintiff has waived his objections to Interrogatory Nos. 14, 15, and 18.  *See, Johnson v. PPI Technology Services, L.P.*, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) (finding plaintiffs and third-party defendant waived their objections to defendant's discovery requests by not objecting to the requests until more than two and a half months after the requests were propounded); *B&S Equipment Co., Inc. v. Truckla Services, Inc.*, 2011 WL 2637289, at *4 (E.D. La. July 6, 2011) (finding that defendants had waived all objections to plaintiff's discovery requests based on relevance, over breadth, unduly burdensomeness, or any other objection unrelated to privilege by failing to timely respond to plaintiff's discovery requests).

### 2.  Plaintiff's supplemental responses are also insufficient.

Notwithstanding that the objections were waived by Plaintiff's failure to timely respond, the Court further finds that the supplemental responses provided to Interrogatory Nos. 14, 15, and 18 do not comply with the requirements of Fed. R. Civ. P. 33.  For the same reasons that the Court found Plaintiff's supplemental responses to Interrogatory Nos. 5 and 12 are insufficient, the Court finds Plaintiff's supplemental response to Interrogatory No. 14, which directs Arctic Cat to the portions of Plaintiff's deposition transcript wherein Plaintiff answered questions regarding the nature and extent of his injuries, medical expenses, and other damages,[64] is insufficient under Fed.

---

[63] *Id.* at 39-40.
[64] R. Doc. 46-3 at 67-68.

R. Civ. P. 33.  As previously discussed, the Court finds that responses to interrogatories that refer to deposition testimony do not satisfy the requirements of Rule 33.  *See*, *Kleppinger v. Texas Dep't of Transportation*, 2013 WL 12138545, at *2 (S.D. Tex. Jan. 3, 2013) ("responses to interrogatories should avoid reference to discussions had during depositions"); *Stiward v. United States*, 2007 WL 2417382, at *4 (E.D. La. Aug. 24, 2007) (deciding that defendant's interrogatory responses that referred to various depositions did not satisfy Rule 33 and requiring defendant to supplement its answers).  With respect to the information sought by Interrogatory No. 14, the Court notes that a request for a computation of each category of damages claimed by Plaintiff is required to be produced as part of Plaintiff's Rule 26(a) initial disclosures.  *Heerden v. Bd. of Supervisors of Louisiana State University & Agricultural & Mechanical College*, 2011 WL 293758, at *8 (M.D. La. Jan. 27, 2011) (*citing* Fed. R. Civ. P. 26(a)(1)(A)(iii)) ("Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered").

With respect to Interrogatory No. 15, because Plaintiff supplemented his response to this interrogatory by restating his prior boilerplate objections, the Court finds Plaintiff's supplemental response to Interrogatory No. 15 insufficient under *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

The Court also finds Plaintiff's supplemental response to Interrogatory No. 18, in which Plaintiff objects that the request seeks irrelevant information and "further objects to the extent that

the evidence sought by this Interrogatory seeks evidence that is inadmissible due to attorney-client privilege," is insufficient because the objection lacks merit.  As this Court has explained, it is well-established that the attorney-client privilege, "only protects disclosure of confidential communications between the client and attorney; it does not protect disclosure of underlying facts." *United States v. Edwards*, 39 F. Supp. 2d 716, 723 (M.D. La. 1999) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395–96, 101 S.Ct. 677, 685–86, 66 L.Ed.2d 584 (1981); *In re Six Grand Jury Witnesses*, 979 F.2d 939 (2d Cir. 1992); *United States v. Freeman*, 619 F.2d 1112 (5th Cir. 1980); *Computer Network Corp. v. Spohler*, 95 F.R.D. 500 (D.D.C. 1982)).  "Pre-existing facts that underlie the client's confidential communications, whether oral or written, are not privileged simply because the client disclosed them to an attorney for the purpose of obtaining legal services." *Edwards*, 39 F. Supp. 2d at 736 (*quoting* Weinstein's Federal Evidence, § 503.14[4][a] (McLaughlin ed. 2d ed. 1998)).  Here, Interrogatory No. 18 requests information regarding why Plaintiff decided to hire his attorney and the date he first made contact with his attorney, as well as information regarding the name of any other attorneys Plaintiff contacted in connection with the underlying accident and the date of such contacts.[65]  The Court finds that this interrogatory does not seek information regarding confidential communications between Plaintiff and his attorney or any prior attorneys Plaintiff may have contacted in connection with the underlying accident.  Instead, Interrogatory No. 18 seeks factual information, such as names and dates, which may underlie some of Plaintiff's communications with his attorney and other attorneys Plaintiff may have contacted in connection with the underlying accident.  The Court finds that such information is not protected by the attorney-client privilege and that Plaintiff must supplement his response to Interrogatory No. 18 accordingly.

---

[65] R. Doc. 46-3 at 18.

Based on the foregoing, Arctic Cat's Motion is granted as to Interrogatory Nos. 14, 15, and 18.  The Court finds that Plaintiff's supplemental responses to these interrogatories, which refer generally to Plaintiff's September 20, 2016 deposition transcript and assert boilerplate objections, do not satisfy the requirements of Fed. R. Civ. P. 33 and *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  The Court also finds that Plaintiff's supplemental response to Interrogatory No. 18, which objects to the request to the extent that it seeks information protected by the attorney-client privilege, is insufficient because the objection lacks merit, as the interrogatory does not request information regarding confidential communications between Plaintiff and his attorney.

Because each interrogatory must be answered separately and fully in writing under oath, Plaintiff is ordered to supplement his response to Interrogatory No. 14 with a complete response regarding the physical, emotional, or mental injuries, medical expenses, or other damages Plaintiff suffered as a result of the underlying accident, including the out-of-pocket expenses and reimbursements that Plaintiff seeks to recover in this lawsuit, including the nature and extent of his injuries or damages, the body part(s) that was injured in the underlying accident, the nature of any pain or discomfort Plaintiff is experiencing, and the dollar amount Plaintiff is seeking to recover for each injury identified, as well as the method of calculation used to determine each amount.[66]  Plaintiff must also supplement his response to Interrogatory No. 15 with a complete response regarding any accident, health, vehicle, homeowner, and umbrella insurance policies held by or covering Plaintiff at the time of the accident, including the name and address of the issuing company, the type of policy, the policy number and face amount, the annual premiums paid, whether a physical examination was required for the issuance of the policy, and whether double

---

[66] *See*, R. Doc. 46-3 at 17, 53.

indemnity coverage was provided.[67]  Plaintiff must also provide a complete response regarding whether any claims have been presented under said insurance policies as a result of this incident and, if so (1) whether any payments have been made and (2) the amounts and dates of said payments and the person to whom the payments were made.[68]  Finally, Plaintiff must supplement his response to Interrogatory No. 18 with a complete response regarding how, when, and why he decided to hire his attorney, the first date he had contact with his attorney, and whether Plaintiff previously contacted any other attorneys regarding the underlying accident.[69]  If other attorneys were previously contacted in connection with this litigation, Plaintiff must also provide the name of each attorney contacted and the dates on which Plaintiff had contact with each attorney.[70]  Plaintiff's supplemental responses to Interrogatory Nos. 14, 15, and 18 must also be verified by Plaintiff, as required by Fed. R. Civ. P. 33(b)(1) and (2).

Since the Court finds that the Motion to Compel should be granted, Arctic Cat's request for the reasonable expenses incurred in filing the Motion, including attorney's fees, should be granted pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

## III.   Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Defendant Arctic Cat Sales, Inc.'s Motion to Compel Supplemental Interrogatory Responses from Plaintiff[71] is **GRANTED.**  Plaintiff shall supplement his responses to Arctic Cat's discovery requests by providing complete, verified responses to Interrogatory Nos. 5, 12, 14, 15, and 18 consistent with this Ruling and Order, without further objection (with the exception of any objections pertaining

---

[67] *Id.* at 18, 53.
[68] *Id.*
[69] *Id.* at 18, 54.
[70] *Id.*
[71] R. Doc. 46.

to any applicable privileges and/or immunities),[72] no later than **twenty-one (21) days** from the date of this Ruling and Order.

      **IT IS FURTHER ORDERED** that Arctic Cat's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED,** and Plaintiff is **ORDERED** to pay Arctic Cat $500.00 for the costs and attorney's fees it incurred in filing the Motion to Compel.

      **Failure of Plaintiff to comply with the terms of this Ruling and Order may result in additional sanctions.**

      Signed in Baton Rouge, Louisiana, on March 16, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[72] *See, B&S Equipment Co., Inc. v. Truckla Services, Inc*., 2011 WL 2637289, at *5 (E.D. La. July 6, 2011) ("[C]ourts have found that, pursuant to Rule 26(b)(5) which concerns withholding information on the basis of privilege, the failure to timely object on the basis of privilege does not result in an automatic waiver.") (citation omitted).